Mark A. Costantino, J.
Petitioner tenant individually and in behalf of various other tenants in the subject premises, institutes this article 78 proceeding to review and vacate the determination of respondent which denied his protest and affirmed the orders of the District Rent Director granting the landlord’s *956 application for rent increases pursuant to section 33.5 of the Bent, Eviction and Rehabilitation Regulations.
The premises involved is a multiple dwelling containing 43 housing units. The landlord initiated these proceedings with the filing on November 16,1960, of an application for a maximum rent increase of the controlled apartments claiming the property did not yield a net return of at least 6% of its value. In opposition and challenging the owner’s posture, many tenants claimed, inter alia, that the landlord was not maintaining essential services, a necessary prerequisite to the granting of the relief applied for, therefore the owner’s application should have been denied.
Examination of the record satisfies the court that the computation under the 6% net annual return formula, is proper. However, on the issue of the maintenance of essential services in the apartments of the aggrieved tenants, the record is devoid of any verification or confirmation by respondent’s inspector that the requisite mandate was in fact complied with. The landlord’s initial application states in the affidavit therein, sworn to November 7, 1960, as follows: 11 further that the landlord is maintaining and will continue to maintain all essential services provided or required to be provided with the housing accommodations by the Rent and Eviction Regulations.” (Emphasis supplied.)
The record shows that a physical inspection was caused to be made by respondent’s predecessor, and the report thereafter filed satisfied the need of repairs, etc., in many apartments in the subject premises. Albeit following the receipt of the inspector’s written report, the landlord submitted “ additional ” evidence of repairs, the protestants still claimed all repairs were not made, yet the record fails to show that the Rent Administrator upon take-over from the State, caused an independent physical inspection to be made to verify, confirm or substantiate the fact that the repairs were in fact made. Although the tenants’ protest was processed de novo by respondent, still no later investigative report appears in the record to support the Administrator’s determination that the regulations, as here pertinent, were indeed complied with. Nor does the return disclose on what independent basis the Administrator found “that essential services were being maintained at the time of issuance of the orders under protest, and that therefore same were properly issued. ’ ’ To this extent the Administrator’s determination is held to be improper, for this record does not affirmatively show proof of compliance with section Y51-5.0 of the Administrative Code of the City of New York and subdivi *957 sion b of section 33 of the Rent, Eviction and Rehabilitation Regulations. (M. & S. Mgt. Co. v. Gabel, N. Y. L. J., Aug. 30, 1963, p. 12, col. 5.)
Accordingly this matter is remanded to respondent for further consideration in accordance with this opinion.